**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN DARNELL,

    Plaintiff,

vs.                                                                                          CASE NO. 3:05-cv-878-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's Petition for Attorney Fees (Doc. #16), wherein Plaintiff's counsel requests an award of attorney fees and expenses pursuant to the Equal Access to Justice Act.[1]  Plaintiff's Petition was filed May 17, 2007.  Plaintiff requests an award of $3,132.91 in attorney fees and paralegal fees sought by Plaintiff's counsel, $43.28 in expenses, and $250 in costs.  Plaintiff avers that "the Commissioner's attorneys consent to the payment of fees" as set forth in the Petition (Doc. #16 at 2).  To date, no opposition to the instant petition/motion has been filed.  Thus, the matter is ripe for the Court's consideration.

Based upon the motion and information contained within the record, the Court makes the following legal and factual findings:

1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal

---

[1] In this instance we have the unusual circumstance where Plaintiff's petition requests attorney fees for three separate attorneys for work on this case.

standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the Equal Access to Justice Act ("EAJA") allows for an adjustment due to changes in the cost of living. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1984). It has also been noted that such increases are not absolutely required. *Id. Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub.L. 104- 121, §§ 231-233 as codified in 28 U.S.C. § 2412(d)(2)(A).

2

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $156.79 per hour for services provided in 2005, $161.85 per hour in 2006, and $163.37 per hour in 2007. Having examined the Consumer Price Index for the year in question, the Court has determined that the increase in inflation justifies a proportionate increase in attorney's fees according to the year services were performed.[2]

3.  Plaintiff's counsel additionally claims fees for a paralegal at the rate of $75 per hour for .75 hours in 2005 (Doc. #16 at 2).  However, review of the time sheet breakdown where the paralegal hours are shown reveals a total of .55 hours for services in 2005 and 2006 (Doc. #16 at 6-8).  Further, the breakdown of hours is frequently shown in .05 increments, which equates to approximately three (3) minutes.  In *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988), the court found that time spent by paralegals was compensable under EAJA at the paralegal's hourly rate that the law firm bills its clients, but "only to the extent that the paralegal performs work traditionally done by an attorney." *Id.* at 778 (internal citations omitted).  In this case, the Court questions whether three minute phone calls with the client, and other phone calls of similar duration and nature, would be considered work traditionally done by an attorney.  On the surface, the paralegal's time in this case looks to be more clerical than legal in nature.  Thus, the Court will deny the request for EAJA fees for paralegal time spent on this case.

4.  Courts have held overhead costs to be non reimbursable. *See, e.g., Gates v.*

---

[2] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frd.fed.us/research/data/us/calc (last visited July 11, 2007). The Court notes the $125 hourly rate, when adjusted for inflation for the year 2005 equates to $155.59 per hour and in 2006 it equates to $160.61 per hour. Given Plaintiff's requested amount minimally exceeds that figure, the Court will allow the difference in this instance.

*Barnhart*, 325 F. Supp. 2d 1342 (M.D. Fla. 2002). In *Gates*, the court found copying costs for copies of the transcript or other research materials were overhead costs that were not reimbursable. *Id.* at 1349. The *Gates* court also found postage for certified mailing charges were not reimbursable. *Id.* In contrast, in *Jean v. Nelson*, 863 F.2d at 777-78, the court stated it rejected the government's argument that telephone, attorney's reasonable travel, postage and computerized research were not compensable under the EAJA. Here, Plaintiff seeks an additional amount of $43.28 for expenses incurred from postage, copying, and a PACER fee. No detail is provided as to the copying and postage charges, thus the Court is unable to ascertain whether the stated amounts are reasonable. Therefore, the Court will not award those charges. The PACER fee apparently reflects an access fee to electronically filed and/or scanned documents. The undersigned finds this cost to be overhead for the attorneys conducting litigation within this district. Thus, the Court declines to award that cost as well. However, the cost of filing fees is expressly provided in § 2412(a)(2) and the Court will award reimbursement of that cost.

5. The Court thus finds $3,076.66 ($156.79 x 2.00 hours in 2005, $161.85 x 15.6 hours in 2006, and $163.37 x 1.00 hours in 2007) is a reasonable fee in this case.

6. The Court further finds that $250 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Petition for Attorney's Fees (Doc. #16) is **GRANTED as modified**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,076.66 for attorney's fees and $250.00 for costs.

**DONE AND ORDERED** at Jacksonville, Florida this 30TH day of July, 2007.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All Counsel of Record